IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Dewayna Mosely-Pitts, | ) |
|     Plaintiff, | ) |
| v. | )   No. 3:17-cv-799 |
| Credit Management, L.P., a Nevada limited partnership, | ) |
|     Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Dewayna Mosely-Pitts, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Dewayna Mosely-Pitts ("Mosely-Pitts"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Charter Communications.

4. Defendant, Credit Management, L.P. ("Credit Management"), is a Nevada

limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Illinois.  In fact, Credit Management was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Management is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Illinois.

6. Defendant Credit Management is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, on August 19, 2016, Ms. Mosely-Pitts and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Pitts, S.D. Ill. Bankr. No. 16-31258-lkg.  Among the creditors listed on Ms. Mosely-Pitts's Schedule of Debts included in the bankruptcy was a debt she allegedly owed to Charter Communications, see, Schedule attached as Exhibit C.

8. Accordingly, on August 22, 2016, Charter Communications and Defendant Credit Management were sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9. Ms. Mosley-Pitts received a discharge of her debts on December 28, 2016

and on December 29, 2016, Defendant Credit Management and Charter Communications were sent notice of this discharge, via electronic transmission by the bankruptcy court, see, the Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

10. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the Defendant and creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis Banko Solutions.

11. Nonetheless, Defendant Credit Management sent Ms. Mosely-Pitts a collection letter, dated January 31, 2017, demanding payment of the Charter Communications debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

12. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have failed futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code and the rights that Congress had granted her under the FDCPA.

13. All of Defendant Credit Management's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant Credit Management's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit F), Defendant violated § 1692c(c)

4

of the FDCPA.

22.     Defendant Credit Management's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

23.     Plaintiff adopts and realleges ¶¶ 1-14.

24.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

25.     The notices sent to Charter Communications and Defendant Credit Management during the bankruptcy gave notice that Plaintiff was represented by an attorney in connection with this debt. Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court and was listed on her credit report. Accordingly, Defendant knew or should have known that Plaintiff was represented by counsel before it sent out the collection letter.

26.     By sending a debt collection letter directly to Ms. Mosely-Pitts, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

27.     Defendant Credit Management's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dewayna Mosely-Pitts, prays that this Court:

1. Find that Defendant Credit Management's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mosely-Pitts, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dewayna Mosely-Pitts, demands trial by jury.

                        Dewayna Mosely-Pitts,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: July 26, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

6